```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
- - - - - - - - - - - - - - - - - - X

LAZARO CHAVARRIA,

                Plaintiffs,    <u>PRELIMINARY APPROVAL ORDER</u>

   - against -

                                    10-CV-1930 (MDG)

NEW YORK AIRPORT SERVICE, LLC, <u>et al</u>.,

                Defendants.

- - - - - - - - - - - - - - - - - - X

GO, United States Magistrate Judge:

     The above-entitled matter came before the Court on Plaintiffs' Motion to Provisionally Certify a Class Action, Appoint Plaintiffs' Counsel as Class Counsel, Preliminarily Approve the Proposed Class Action Settlement, Approve the Proposed Notice of Settlement and Direct the Distribution of Same (ct. doc. 62).  After consideration of the submissions and prior proceedings herein, this Court makes the following rulings based on the findings and conclusions of law set forth below.

I.   <u>Conditional Certification of the Proposed Rule 23 Settlement Class</u>

     1.  The Court conditionally certifies the following class under Fed. R. Civ. P. 23(e), for settlement purposes ("Settlement Class"):

     All current and former Ticket Agents working at
     LaGuardia and/or John F. Kennedy Airports in New York

while employed by Defendants New York Airport Service, LLC, Zev Marmurstein, Jacob Marmurstein, Contract Transportation, Inc. and Janet West at any time from April 29, 2004 through the date of judgment (the "Class" or "Class Members").

2. Plaintiffs meet all of the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3).

3. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(1) because there are more than 200 Class Members and therefore joinder is impracticable. See Consol. Rail. Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995).

4. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(2), the commonality requirement, because Plaintiffs and the Class Members share common issues of fact and law, including whether Defendant failed to pay Plaintiffs and the Class Members for all of the overtime they worked.

5. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(3), because plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the class members' claims. See Prasker v. Asis Five Eight LLC, 2010 WL 476009, at *2 (S.D.N.Y. Jan. 6, 2010).

6. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(4) because plaintiffs' interests are not antagonistic or at odds with class members. See Diaz v. Eastern Locating Servs., Inc., 2010 WL 2945556, at *2 (S.D.N.Y. July 22, 2010); Prasker, 2010 WL 476009, at *2.

7. Plaintiffs also satisfy Rule 23(b)(3). Common factual allegations that Defendant failed to pay Class Members for all

overtime they worked and a common legal theory predominate over any factual or legal variations among class members. See Diaz, 2010 WL 2945556, at *2; Prakser, 2010 WL 476009, at *2. Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually. See Diaz, 2010 WL 2945556, at *2.

II. Preliminary Approval of Settlement

1. Based upon the Court's review of the Plaintiffs' Motion for Preliminary Approval, the Declaration of William Cafaro ("Cafaro"), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Settlement Agreement and Release, attached to the Notice of Motion as ct. doc. 62-1.

2. The Court concludes that the Settlement proposed is within the range of possible, reasonable settlements, such that notice to the Class is appropriate. See In re Traffic Exec. Ass'n, 627 F.2d 631, 634 (2d Cir. 1980).

3. The Court finds from personal observations at settlement conferences with the parties that the Settlement Agreement was reached after extensive, arm's length negotiations by counsel experienced in wage and hour actions and other complex litigation and is not the product of collusive efforts.

III. <u>Appointment of Plaintiffs' Counsel as Class Counsel</u>

    1. The Court appoints The Law Offices of William Cafaro as Class Counsel because they meet the requirements of Federal Rule of Civil Procedure 23(g). See <u>Damassia v. Duane Reade, Inc.</u>, 250 F.R.D. 152, 165 (S.D.N.Y. 2008).

    2. William Cafaro spent significant time and did substantial work identifying, investigating, and settling Plaintiffs' and the Class Members' claims.

    3. Mr. Cafaro has substantial experience litigating wage and hour claims and complex litigation.

    4. The work that Mr. Cafaro has performed both in litigating and settling this case demonstrates his commitment to the Class and to representing the Class' interests.

IV. <u>Class Notice</u>

    1. The Court approves the Proposed Notice of A Settlement of Litigation which is attached to the Notice of Motion as ct. doc. 62-2 and directs its distribution to the Class subject to adding a clause in the notice and claim form advising the class members to notify class counsel of any changes to their address or telephone number.

    2. Pursuant to Rule 23(c)(2)(B), a notice must provide: the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the

class claims, issues, or defenses; (iv) that a class member may enter an appearance through counsel if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3).

3. The Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement. See In re Michael Milken & Assocs. Sec. Litig., 150 F.R.D. 57, 60 (S.D.N.Y. 1993). The Notice of Settlement describes the terms of the settlement, informs the Class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing.

V. Class Action Settlement Procedure

1. The Court hereby sets the following settlement procedure:

a. Defendants must provide the Claims Administrator, in electronic form, with the names, social security numbers, last known addresses and dates of employment of all Class Members within 10 days of this Order;

b. Class Counsel shall mail the Settlement Notice to Class Members by August 15, 2011;

c. Class Members will have until October 20, 2011 to opt out of the class or object to the settlement;

d. Plaintiffs will file a motion for final approval of the

settlement and any application by Class Counsel for attorneys' fees or reimbursement of expenses by September 16, 2011. Such submissions shall include a discussion of the Grinnell factors, including the substantive fairness of the settlement and adequacy of counsel to represent the plaintiff class. See City of Detriot v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974).

e. Plaintiffs' counsel must supplement the Motion for Approval by October 31, 2011 by, inter alia, filing a list of the names and addresses of the Class Members who have opted out of the Class by October 31, 2011;

f. The Court will hold a fairness hearing on November 9, 2011 at 10:00 a.m. at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY, Courtroom 11C.

Dated:   Brooklyn, New York
         July 20, 2011

                                        /s/
                                        MARILYN DOLAN GO
                                        UNITED STATES MAGISTRATE JUDGE